UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMAINE BROWN,

    Plaintiff,

v.                                                               Case No. 22-cv-1522-bhl

OFFICER SILVA,
CAPTAIN REMARKIWITCZ, and
WAUPUN CORRECTIONAL INSTITUTION,

    Defendants.

---

## SCREENING ORDER

---

Plaintiff Jamaine Brown, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Brown's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Brown has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Brown has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $1.30. Brown's motion for leave to proceed without prepaying the filing fee will be granted.

**SCREENING OF THE COMPLAINT**

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Brown explains that he has a painful walking impairment that makes it impossible for him to walk without assistance. According to Brown, on October 24, 2022, Defendant Officer Silva helped Brown walk to the stairs, at which point Brown notified him that he needed help to get up the stairs safely. Brown asserts that Silva commented that Brown better not fall because he wasn't going to catch him and was going to let him fall. According to Brown, Silva let go of him, and Brown fell down the stairs. Brown asserts that he had to go to the hospital for his injuries.

## THE COURT'S ANALYSIS

Under the Eighth Amendment, "prison officials must take reasonable measures to ensure an inmate's safety." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "To state a claim premised on prison officials' failure to protect him from harm, [a plaintiff] must allege that the defendants knew of and disregarded an 'excessive risk' to his 'health and safety.'" *Id*. (citing *Farmer*, 511 U.S. at 837). Brown may proceed on an Eighth Amendment claim based on his allegations that Silva was deliberately indifferent to the excessive risk of falling Brown faced if he was not assisted while climbing the stairs.

Brown does not, however, state a claim against Captain Remarkiwitcz. Brown asserts that "Remarkiwitcz knew of my walking problems and allowed Officer Silva to violate my rights," but there is no indication that Remarkiwitcz was present when Silva escorted Brown up the stairs. An officer will be liable for failing to intervene to prevent misconduct only if he had a reasonable opportunity to do so. *See Wilborn v. Ealy*, 881 F.3d 998, 1007 (7th Cir. 2018). Although Brown alleges that Remarkiwitcz knew about his walking impairment, he does not allege that he knew Silva was going to refuse to assist Brown in climbing the stairs. To the extent Brown sues Remarkiwitcz because he was Silva's supervisor, the doctrine of respondeat superior cannot be used to hold a

3

supervisor liable for the misconduct of a subordinate. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

Brown also fails to state a claim against Waupun Correctional Institution. Neither a state nor a state agency (such as the Department of Corrections, of which Waupun is a part) is a "person" for purposes of §1983 and therefore cannot be sued. *See Ryan v. Ill. Dep't of Children and Family Servs.*, 185 F.3d 751, 758 (7th Cir. 1999) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)).

Finally, in his complaint and in a separate motion, Brown asks the Court to order Defendant to preserve video of the alleged incident. He explains that he "did everything he could do on his behalf to have the body camera recordings saved" and he states that if the Court "do[es]n't act, there is a great chance that the defendant can claim Plaintiff failed to put a litigation hold on the aforementioned recordings as a method to lose the footage!" Dkt. No. 7. The Court will deny Brown's motion as unnecessary. Brown explains that he has made numerous requests that relevant video be preserved. Federal Rule of Civil Procedure 37(e) requires parties to preserve electronically stored information "in the anticipation or conduct of litigation." An order on this point would be redundant to that rule and therefore is unnecessary.

**IT IS THEREFORE ORDERED** that Brown's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Captain Remarkiwitcz and Waupun Correctional Institution are **DISMISSED** from this action because the complaint fails to state a claim against them.

**IT IS FURTHER ORDERED** that Brown's motion for an order that Defendant preserve relevant video (Dkt. No. 7) is **DENIED** as unnecessary.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Brown's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Officer Silva.

4

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Officer Silva shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Brown is located.

**IT IS FURTHER ORDERED** that the agency having custody of Brown shall collect from his institution trust account the $348.70 balance of the filing fee by collecting monthly payments from Brown's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Brown is transferred to another institution, the transferring institution shall forward a copy of this Order along with Brown's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse

517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Brown is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Brown may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on January 31, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge