UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMAINE BROWN,

                Plaintiff,

v.                                                                          Case No. 22-cv-1522-bhl

NATHANIEL SILVA,

                Defendant.

---

## DECISION AND ORDER

Plaintiff Jamaine Brown, who is incarcerated at the Waupun Correctional Institution, is representing himself in this 42 U.S.C. §1983 case. On June 2, 2023, Defendant filed a motion for summary judgment on the ground that Brown failed to exhaust the available administrative remedies before he initiated this lawsuit. Dkt. No. 14. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

On October 25, 2022, Brown wrote an inmate complaint stating that, the day before, Defendant Robert Silva failed to protect him by letting go of him and letting him fall down the stairs. In the section requiring the inmate to identify the person with whom he had attempted to resolve his issue before filing the inmate complaint, Brown wrote, "I notified Seg Captain[.] Also I spoke with Lt Herits." Dkt. No. 17-4 at 1. The next day, on October 26, 2022, the institution complaint examiner (ICE) returned the inmate complaint to Brown with a letter instructing him to resubmit his complaint after contacting Captain Rymarkiewicz and giving him enough time to respond. Specifically, the letter instructed Brown to "SEND THIS RETURN LETTER to Captain

Rymarkiewicz along with a DOC-643, explaining the issue you want to resolve." Dkt. No. 17-5 at 1 (emphasis in original).  The letter further stated, "If you feel this staff member does not address or resolve the issue, you may resubmit your inmate complaint to the ICE.  When resubmitting, please include the original complaint AND this return letter."  *Id.*  Finally, the letter noted that, whether Brown received a response or not, he was required to resubmit his inmate complaint within ten working days.  Thus, Brown had until November 5, 2022, to resubmit his inmate complaint. Dkt. No. 16 at ¶¶15-18.

Brown explains that he was confused by the return letter because he had already spoken to Captain Rymarkiewicz, who he had identified as "Seg Captain" on his inmate complaint. According to Brown, Captain Rymarkiewicz told him that since the incident was already done, there was nothing he could do about it.  On November 2, 2022, six days after receiving the return letter, Brown resubmitted his inmate complaint, but it was not processed.  Dkt. No. 22 at ¶¶3-5. According to the ICE, she did not process the November 2 inmate complaint because Brown had been "instructed to allow 10 working days for Captain Rymarkiewicz to respond."  Dkt. No. 17-3 at 2.  She asserted that, "Mr. Brown chose to be uncooperative and refiled his complaint stating he wrote Captain Rymarkiewicz on October 26, 2022, and had not received a response as of November 2, 2022."  *Id.*  The ICE explained that, "[f]or that reason, his complaint was not processed."  *Id.*

Six days after the ICE's refusal to process his complaint, on November 8, 2022, Brown resubmitted his inmate complaint.  The ICE received his resubmission on November 10, 2022 and returned it to him a couple of days later, noting that Brown had already had an inmate complaint accepted that week, and it is an inmate's responsibility to prioritize his complaints.  Dkt. No. 17-3 at 2.  Brown submitted his inmate complaint *again* the next week; it was received on November

2

16, 2022. The ICE rejected it on November 17, 2022, noting that it had been submitted more than 14 days after the occurrence giving rise to the complaint and that Brown had made no plea for good cause as to why it should be accepted beyond the 14-day limit. *Id.* at 2-3. Brown timely appealed the rejection, and the rejection was upheld by the reviewing authority on November 23, 2022. *Id.* at 6-7.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act, which applies to this case because Brown was a prisoner when he filed his complaint, provides that a prisoner cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(e)(1).

3

According to the U.S. Supreme Court, exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must pursue each step in the administrative process. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

That said, inmates are expected to exhaust only those administrative remedies that are available to them. Because exhaustion is an affirmative defense, Defendant must prove that the administrative remedies were available. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). An administrative remedy may be unavailable when prison officials provide an inmate with erroneous information, use affirmative misconduct to prevent the inmate from exhausting, or fail to respond to an inmate's grievance. *Id.*; *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). Further, while an administrative remedy that is merely confusing or ambiguous is not "unavailable," when a remedy is so opaque that it becomes essentially unknowable, a prisoner is no longer required to exhaust. *Hacker v. Dart*, 62 F.4th 1073, 1078 (7th Cir. 2023).

Defendant has failed to prove that the administrative remedies were actually available to Brown. In his original October 25 inmate complaint, Brown wrote that he had "notified Seg Captain." Per Wis. Admin. Code § DOC 310.07, "an inmate shall attempt to resolve the issue by following the designated process specific to the subject of the complaint. The ICE may request inmates to provide evidence of having followed the specified process." Given the lack of details or explanation of Brown's efforts to informally resolve his issue before filing his inmate complaint, the ICE reasonably returned the inmate complaint to Brown and instructed him to provide evidence of his efforts to resolve the issue. To that end, the ICE instructed Brown to contact Captain Rymarkiewicz and "allow [him] enough time to reply." Dkt. No. 17-5 at 1. She also noted,

4

"WHETHER YOU RECEIVE A REPLY OR NOT, you have 10 working days from the date of this return letter to resubmit your inmate complaint." *Id.* (emphasis in the original). As noted, that means that Brown was required to resubmit his inmate complaint by November 5, 2022.

On November 2, Brown resubmitted his inmate complaint. He explained that, as instructed in the letter, he wrote to Captain Rymarkiewicz on October 26. Then, after waiting a week for a response, he resubmitted his inmate complaint. The ICE refused to process the resubmitted inmate complaint because Brown failed to wait ten working days for a response. But, contrary to the ICE's representation, the letter did not instruct Brown to wait the full 10 working days for a response; the letter instructed Brown to give Captain Rymarkiewicz "enough time" to respond. The letter did not define "enough time," but waiting a full week reasonably satisfies that requirement. Further, the letter cautioned Brown that, whether he received a response or not, he was required to resubmit his inmate complaint within 10 working days. Brown also complied with that requirement, resubmitting his inmate complaint 3 days before the deadline.

In short, Brown complied with the ICE's October 26 return letter. It is worth noting that, by adding the requirement that Brown wait 10 working days for a response, the ICE made it impossible for Brown to comply because he could not both wait 10 working days for a response *and* resubmit his inmate complaint within 10 working days. "The Prison Litigation Reform Act was not meant to impose the rule of 'heads we win, tails you lose' on prisoner suits." *King v. McCarty*, 781 F.3d 889, 896 (7th Cir. 2015) (overruled on other grounds). On this record, Defendant has not shown that the administrative remedies were available to Brown, so Defendant is not entitled to summary judgment on the ground that Brown failed to exhaust the available administrative remedies. *See Dole v. Chandler*, 438 F.3d 804, 811 (7th Cir. 2006) (holding that a

prisoner who followed the rules "to the letter" exhausted his administrative remedies because his complaint remained unresolved through no apparent fault of his own).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment on exhaustion grounds (Dkt. No. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties must complete discovery by **October 25, 2023**, and a party desiring to move for summary judgment on the merits must do so by **November 27, 2023**.

Dated at Milwaukee, Wisconsin on August 1, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge