UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMAINE BROWN,

        Plaintiff,

        v.                                          Case No. 22-cv-1522-bhl

NATHANIEL SILVA,

        Defendant.

## DECISION AND ORDER

    Plaintiff Jamaine Brown, who is incarcerated at Waupun Correctional Institution, is representing himself in this 42 U.S.C. §1983 case. On March 20, 2024, the Court granted Defendant's motion for summary judgment and dismissed this case. On April 11, 2024, Brown filed a motion for an extension of time to file a notice of appeal. At the end of his motion he stated, "I am also asking the court to amend and relief the summary judgement under Federal Rule of Civil Procedure 59(e) and 60(b)." Dkt. No. 45. On April 17, 2024, Brown filed a motion to waive the appellate filing fee. He states that he is indigent and does not have a job. Dkt. No. 47. This Decision and Order address Brown's various pending requests.

    Under Fed. R. Civ. P. 59(e), a party may move to alter or amend a judgment within 28 days of the entry of judgment. A Rule 59(e) motion may be granted only if a party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citations omitted). Under Fed. R. Civ. P. 60(b), a court may vacate a judgment for several reasons, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or

misconduct.  "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Peacock v. Board of School Comm'rs*, 721 F.2d 210, 213 (7th Cir. 1983) (citations omitted).  Brown does not explain why he believes he is entitled to relief under Rule 59(e) or Rule 60(b).  Because he fails to make the requisite showing under the rules, the Court will deny that aspect of his motion.

Brown also requests an extension of time to file a notice of appeal.  The Court will grant that request.  The Court also notes that the Clerk mailed a notice of appeal form to Brown on April 11, 2024.  The form is straightforward and easy to complete.  Accordingly, a lengthy extension is not necessary.  If Brown wants to file a notice of appeal, he must do so by May 17, 2024.  *See* Fed. R. App. P. 4(a)(4)-(5).  But the Court will deny Brown's motion to waive the appellate filing fee.  Under 28 U.S.C. §1915(b), Brown is required to pay the $605 filing fee.  Because he appears unable to pay the full fee upfront, he may move to appeal *in forma pauperis*.  If he does so, he must file a certified copy of his trust account statement for the six-month period preceding the filing of his notice of appeal.  As was the case in this Court, he will be assessed an initial partial filing fee, and he will be required to pay the balance of the $605 filing fee over time through monthly deductions from his prison trust account.  *See* 28 U.S.C. §1915(b).

**IT IS THEREFORE ORDERED** that Brown's motion for an extension of time to file a notice of appeal (Dkt. No. 45) is **GRANTED**.  Brown must file a notice of appeal by **May 17, 2024**.

**IT IS FURTHER ORDERED** that Brown's motion for relief from judgment (Dkt. No. 45) is **DENIED**.

**IT IS FURTHER ORDERED** that Brown's motion to waive the $605 appellate filing fee (Dkt. No. 47) is **DENIED**. The clerk's office will mail Brown the form to request to proceed on appeal without prepaying the filing fee.

Dated at Milwaukee, Wisconsin on April 19, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

3

Case 2:22-cv-01522-BHL   Filed 04/19/24   Page 3 of 3   Document 48